**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

JASON BERG,

                Petitioner,

        v.                              13-CR-0174-A
                                      15-CV-0820-A

UNITED STATES OF AMERICA,           **DECISION AND ORDER**

                Respondent.
_____

Petitioner Jason Berg seeks relief pursuant to 28 U.S.C. § 2255.  For the reasons stated below, the petition is denied.

### BACKGROUND

On January 9, 2014, Petitioner pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a).  Several months later, the Court sentenced Petitioner to 66 months' imprisonment and three years' supervised release.  Judgment was entered on May 8, 2014.  Petitioner did not appeal any part of the Court's judgment.

Petitioner now seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Docket 36.  The sole basis for Petitioner's claim is his allegation that his attorney did not follow Petitioner's instruction to file a notice of appeal.  In response, the Court directed Petitioner's attorney, John Humann, Esq., to "submit an affidavit stating only whether his client, Jason Berg, requested that a Notice of Appeal be filed."  Docket No. 33.  Mr. Humann filed an affidavit stating that "Mr. Berg never requested that a Notice of Appeal be filed."  Docket No. 34 ¶ 2.

**DISCUSSION[1]**

"When a defendant claims that his attorney failed to file a requested notice of appeal," the district court must hold "a hearing . . . to determine whether the client requested the appeal." *Campusano v. United States*, 442 F.3d 770, 776 (2d Cir. 2006). But a district court also has "discretion to exercise [its] common sense" "to expand the record without conducting a full-blown testimonial hearing." *Chang v. United States*, 250 F.3d 79, 85-86 (2d Cir. 2001) (quotation marks omitted). This is the case, for instance, "when counsel has submitted a detailed affidavit" in response to his former client's claims of ineffective assistance. *United States v. Hernandez-Uberia*, No. 07 Cr. 378-03(SHS), 2010 WL 1948586, at *2 (S.D.N.Y. May 11, 2010). As noted, Petitioner's former counsel—who, in the Court's experience, is a diligent and experienced criminal defense attorney—filed an affidavit stating that Petitioner did not ask counsel to file a notice of appeal.

"Th[e] Court accepts counsel's affidavit over petitioner's bare assertions and concludes on this basis of this expanded record that the taking of live testimony is not necessary to evaluate petitioner's claims." *Id.* *See also Fermin v. United States*, 859 F. Supp. 590, 602 (S.D.N.Y. 2012) ("[W]ith only [petitioner's] own conclusory allegations to support [his] claim, and without any indication that an evidentiary hearing or any other discovery would be fruitful, the Court denies [petitioner's] claim without a hearing.") The Court therefore finds that Petitioner did not, as he claims, ask his attorney to file a notice of appeal. Petitioner's ineffective-assistance claim on that ground is therefore without merit, and his § 2255 petition is denied.

---

[1] Although Petitioner filed his petition approximately four months after 28 U.S.C. § 2255(f)'s one-year limitations period expired, for purposes of this Decision and Order the Court assumes that the petition is timely. *See* 28 U.S.C. § 2255(f)(4); *Wims v. United States*, 225 F.3d 186, 189-91 (2d Cir. 2000).

## CONCLUSION

For the reasons stated above, Petitioner's § 2255 petition (Docket No. 24) is denied.  Further, pursuant to 28 U.S.C. § 2253(c)(1) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this decision would not be taken in good faith.  Petitioner is nonetheless advised that, should he decide to appeal this Decision and Order, "Federal Rule of Appellate Procedure 4(a) governs the time to appeal," and "[a] timely notice of appeal must be filed even" though the Court declined to issue a certificate of appealability. Section 2255 Rule 11(b).

The Clerk of the Court shall take all steps necessary to close the parallel civil action, 15-CV-820-A.

**SO ORDERED.**


Dated: January 21, 2017         _s/Richard J. Arcara_
     Buffalo, New York           HONORABLE RICHARD J. ARCARA
                                      UNITED STATES DISTRICT JUDGE